**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| USADATA Incorporated, | No. CV-21-00526-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| DataWidget LLC, et al., | |
| Defendants. | |

Pending before the Court is USADATA's motion for attorney fees and costs, which is fully briefed. (Docs. 49, 52, 53.) The parties are familiar with the background of this case, and the Court adopts the factual background as outlined in its November 1, 2021, order. (Doc. 44.) The Court grants the motion in part.

USADATA requests attorney fees and costs under Section 285 of the Patent Act. "The court in exceptional cases may award reasonable attorney fees to the prevailing party" in patent litigation. 35 U.S.C. § 285. An exceptional case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A non-exhaustive list of factors guides this determination: "frivolousness, motivation, objective unreasonableness

(both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy*, Inc., 510 U.S. 517, 534 n.9 (1994)).

USADATA argues that each *Octane* factor favors an award of attorney fees. (Doc. 49 at 9.) The Court disagrees, largely because USADATA initiated this lawsuit, not patent-holder DataWidget and licensee E-Printwerx. "A patent holder has the right to vigorously enforce its presumptively valid patent." *DietGoal Innovations, LLC v. Wegmans Food Markets, Inc.*, 126 F.Supp.3d 680, 685 (E.D. Va. 2015) (quoting *Homeland Housewares, LLC v. Sorensen Research & Dev. Trust*, 581 Fed. App'x 877, 881 (Fed.Cir.2014)); *see also* 35 U.S.C. § 282(a) (patents are presumed to be valid). It's hard to see how it is unreasonable to defend one's presumptively valid patent and counterclaiming infringement once attacked. Besides, Defendants made valid arguments, for instance, pointing to a patent examiner's statement that the "arrangement" of certain components amounted to an inventive concept proper for patent eligibility. (Doc. 44 at 3.) It would make no sense to punish Defendants for not crying "uncle" the moment USADATA attacked the validity of the patent. Fees and costs under Section 285 of the Patent Act are denied.

USADATA also requests costs under Federal Rule of Civil Procedure 54(d)(1). A district court may, in its discretion, award taxable costs to the prevailing party under Rule 54(d)(1). But "a district court's discretion to award costs [under Rule 54(d)(1)] is limited to particular types of costs enumerated in 28 U.S.C. § 1920," and nontaxable costs are not one of those particular types. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015). The parties do not dispute that USADATA is the prevailing party, obtaining a judgment on the pleadings and subsequent dismissal of remaining claims. (Docs. 44, 47.) Neither do the parties dispute that USADATA is entitled to recover its taxable costs of $647.80.

/ / /

/ / /

/ / /

**IT IS ORDERED** that USADATA's motion for attorney fees and costs (Doc. 49) is **GRANTED IN PART** as follows:  USADATA is awarded $647.80 in taxable costs. USADATA's request for attorney fees and nontaxable costs is denied.

Dated this 28th day of June, 2022.

Douglas L. Rayes
United States District Judge